Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JONATHAN O. DULUC y otros<br><br>Peticionarios<br><br>v.<br><br>DR. PEDRO N. CIPRIAN LIRANZO en su carácter personal y otros<br><br>Recurridos | TA2026CE00500 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV05909 (801)<br><br>Sobre: Impericia Médica |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de mayo de 2026.

Comparece ante nos, el Sr. Jonathan O. Duluc, el Sr. Iván Robles, y la Sra. Barbara Robles (en conjunto, "los peticionarios"), mediante escrito intitulado *Petición de Certiorari* presentado el 23 de abril de 2026. Nos solicita que dejemos sin efecto la *Orden* emitida y notificada el 5 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "tribunal *a quo*").[1] Por virtud de este dictamen, el foro primario autorizó que la deposición del Dr. Pedro N. Ciprián Liranzo se tomara antes de que el Dr. Peter A. Goulden emitiera su informe final. No obstante, dispuso que, previo a la deposición, debería proveerse un informe preliminar o resumen con las impresiones iniciales, opiniones y fundamentos del perito. Además, ordenó calendarizar la deposición y concedió treinta (30) días desde el recibo de la transcripción para

---

[1] *Véase*, Entrada Núm. 25, SUMAC TPI.

rendir el informe final, instruyéndole a los apelantes a gestionar una transcripción expedita para evitar mayores dilaciones en la producción de prueba pericial.

Inconforme con este dictamen, el 20 de marzo de 2026, los peticionarios presentaron una *Moción de Reconsideración*.[2] En esencia, solicitaron la reconsideración de la referida *Orden* bajo el fundamento de que el descubrimiento de prueba se encontraba en etapas iniciales y que habían cumplido con sus obligaciones procesales. Además, argumentaron que el Dr. Peter A. Goulden no estaba en posición de emitir una opinión pericial definitiva sobre la alegada negligencia médica, ya que todavía faltaba producir información documental y testimonial esencial solicitada en el descubrimiento de prueba, lo que limitaba su capacidad para emitir una opinión fundamentada.

Por su parte, el 24 de marzo de 2026, el Dr. Pedro N. Ciprián ("doctor Ciprián" o "el recurrido") presentó *Moción en Oposición a Solicitud de Reconsideración*.[3] Alegó que la solicitud de reconsideración únicamente replanteaba argumentos ya adjudicados y previamente objetados. Sostuvo que los peticionarios pretendían evadir su obligación, bajo la Regla 23.1(c)(1) de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1(c)(1), de proveer un informe pericial preliminar que expusiera las opiniones y teoría de su perito antes de la deposición del médico demandado. Argumentó que, en los casos de impericia médica, existe una presunción de corrección a favor del médico demandado, la cual solo puede derrotarse mediante prueba pericial adecuada, por lo que, razonó que tiene derecho a conocer anticipadamente la teoría de negligencia en su contra para prepararse adecuadamente para la deposición.

---

[2] *Véase*, Entrada Núm. 26, SUMAC TPI.
[3] *Véase*, Entrada Núm. 27, SUMAC TPI.

Además, negó que existiera un problema de equidad o una carga irrazonable para los peticionarios, señalando que estos podían posteriormente enmendar su informe pericial tras la deposición. A su vez, expresó que las alegaciones concernientes a la dificultad para obtener prueba pericial no estaban respaldadas en evidencia. Finalmente, enfatizó que el foro primario poseía amplia discreción para dirigir el descubrimiento de prueba y manejar los procedimientos ante su consideración.

Evaluadas las posturas de ambas partes, el 24 de marzo de 2026, el tribunal *a quo* emitió y notificó *Orden* en la cual declaró *No Ha Lugar* la solicitud de reconsideración.[4] Aún en desacuerdo, el 23 de abril de 2026, los peticionarios presentaron el recurso de epígrafe y formularon el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL INCURRIR EN UN ABUSO DE DISCRECIÓN Y EN UNA INTERPRETACIÓN ERRÓNEA DE LA REGLA 23.1 DE PROCEDIMIENTO CIVIL AL CONDICIONAR LA TOMA DE LA DEPOSICIÓN DEL DR. CIPRIAN A LA NOTIFICACIÓN PREVIA DE UN INFORME PERICIAL PRELIMINAR, CUANDO DICHO REQUISITO NO SURGE DE LAS REGLAS DE PROCEDIMIENTO CIVIL, ENCARECE INJUSTIFICADAMENTE EL ACCESO A LA JUSTICIA DE LOS PETICIONARIOS Y LOS COLOCA EN UNA DESVENTAJA PROCESAL AL OBLIGARLOS A INCURRIR EN LOS COSTOS DE UNA OPINIÓN PRELIMINAR QUE INEVITABLEMENTE SERÁ MODIFICADA UNA VEZ SE OBTENGA INFORMACIÓN ESENCIAL AÚN PENDIENTE DE PRODUCIRSE EN EL DESCUBRIMIENTO DE PRUEBA, PARTICULARMENTE EL TESTIMONIO DEL DR. CIPRIAN.

Atendido el recurso, le concedimos un término a la parte recurrida para presentar su posición en torno al recurso de epígrafe. Oportunamente, el doctor Ciprián presentó *Oposición a que se Expida Certiorari* y negó que el foro primario cometiera el error que los peticionarios le imputaron. Con el beneficio de la comparecencia de ambas partes, procedemos a atender la controversia ante nuestra consideración. *Veamos.*

---

[4] *Véase*, Entrada Núm. 28, SUMAC TPI.

## I.
### *Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025),

señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

**II.**

Expuesto el marco jurídico y ponderados los argumentos presentados por la parte Peticionaria, esta Curia determina que no se han producido las circunstancias que exijan nuestra intervención. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, la Peticionaria no ha demostrado que el foro primario se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de

interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia.

En fin, luego de examinar el expediente y los argumentos esgrimidos por la Peticionaria, a la luz de los criterios de la Regla 52.1 de Procedimiento Civil, *supra,* y de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón para intervenir con la determinación recurrida. Por lo cual, somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

**III.**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones